UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALLEN J. HOODYE, JR., | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-402 |
| | § | |
| WELLS FARGO BANK, NA, | § | |
| | § | |
|     Defendant. | § | |

## ORDER ON MOTION TO REMAND

Before the Court is "Plaintiff Allen J. Hoodye's Motion to Remand" (D.E. 6). For the reasons set out below, the Motion is GRANTED.

**A. Background and Standard of Review**

Plaintiff Allen J. Hoodye (Hoodye) is in the process of completing an action in the United States Bankruptcy Court for the Southern District of Texas in which he has sought relief under Chapter 13 of the United States Bankruptcy Code. Authorized by the Bankruptcy Judge, Hoodye filed this action in state court seeking damages and an accounting from Wells Fargo Bank, N.A. (Wells Fargo), one of Hoodye's creditors.

Hoodye's causes of action or claims for relief include: (1) use of a fraudulent court record pursuant to Tex. Civ. Prac. & Rem. Code § 12.001 *et seq.*; (2) breach of contract; (3) violation of the Texas Debt Collection Practices Act pursuant to Texas Finance Code, Chapter 392; (4) violation of the Texas Deceptive Trade Practices Act (DTPA) pursuant to Tex. Bus. & Comm. Code, Chapter 17; (5) common law fraud;

(6) an action for an accounting; (7) negligence, gross negligence, and negligence per se; and (8) a determination of the effect of Wells Fargo's Release of Lien.

Wells Fargo has removed the action to this Court, citing both federal question and diversity jurisdiction. On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*.

### A.  Federal Question Jurisdiction--RESPA

Pursuant to 28 U.S.C. § 1331, this Court is clothed with subject matter jurisdiction if the action "arises under" federal law. The presence or absence of a federal question necessary to support removal is governed by the well–pleaded complaint rule under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 2429–30, 96 L.Ed.2d 318 (1987). The well–pleaded complaint rule is applied in recognition that the plaintiff is the "master of the claim." *Id*. A plaintiff may "avoid federal jurisdiction by exclusive reliance on state law." *Id*.

Wells Fargo's claim that this action involves a federal question is based upon the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C.A. § 2601 *et seq*. Hoodye's pleading refers to RESPA in that it recites that he has sought a full accounting from Wells Fargo pursuant to RESPA requirements, but has not received one. Simultaneously, Hoodye expressly disclaims any intention to seek relief under the provisions of RESPA.

D.E. 1-6, p. 15. Instead, he states that he informs the court of the prior RESPA demand for an accounting—and being "stonewalled" in response—only as the background upon which he seeks an accounting pursuant to state law.

Wells Fargo asserts that "Plaintiff's accounting claim is entirely premised on Wells Fargo's alleged RESPA violation . . . ." D.E. 7, p. 3. This is an inaccurate reading of Hoodye's pleading and an unduly limited view of the available law. The remedy of an accounting is commonly available under Texas state law:

> An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action. Compare *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied) (treating accounting as an equitable remedy for determining amount of damages) with *Palmetto Lumber Co. v. Gibbs*, 124 Tex. 615, 626–27, 80 S.W.2d 742, 748 (1935) (treating an "accounting" as a separate cause of action, rooted in equity). It is a flexible, equitable remedy that may apply in various scenarios according to the sound discretion of the trial court. *See, e.g., Gifford v. Gabbard*, 305 S.W.2d 668, 672 (Tex. Civ. App.—El Paso 1957, no writ); *Southwest Livestock & Trucking Co.*, 884 S.W.2d at 810. An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law. *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied).

*Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App.–Corpus Christi 2001, no pet.), *abrogated on other grounds as recognized by Richardson v. Wells Fargo, N.A.,* 873 F.Supp.2d 800, 817 (N.D. Tex. 2012); *Emeribe v. Wells Fargo Bank, N.A.*, 2013 WL 140617, *4 (S.D. Tex. 2013). Hoodye does not need the auspices of RESPA in order to obtain the requested accounting.

Background facts that are not a "necessary element" of the cause of action do not transform a state law claim into a cause of action under federal law. *Baldwin v. Pirelli Armstrong Tire Corp.*, 927 F. Supp. 1046, 1052-53 (M.D. Tenn. 1996). "The fact that plaintiffs' pleadings may ornament the state law claims by reference to standards said to be derived from federal law does not change the state law claims into federal questions." *Doyle v. Mellon Bank, N.A.*, 307 B.R. 462, 465 (E.D. Pa. 2004).

The Court finds that Hoodye was careful to plead his background facts related to RESPA in a way that expressly disclaimed reliance upon RESPA as the source of any right to relief. He states only state law claims and remedies. For these reasons, the Court finds that there is no federal question in this case to support jurisdiction under 28 U.S.C. § 1331.

**B. Diversity Jurisdiction**

Wells Fargo also seeks removal under the statute providing for diversity jurisdiction, 28 U.S.C. § 1332. While there is no question that the diversity of citizenship requirement is met, the parties vigorously dispute whether the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

In resolving this question, we recognize that "[t]he intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the amount in controversy requirement is satisfied. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d

1250, 1253 (5th Cir. 1998). "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul*, 303 U.S. at 288.

"When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if "it is facially apparent" from the plaintiff's complaint that his claims exceed $75,000. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). If the value of the claims is not apparent, then the defendant "may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id.*

The only sum certain that appears in the pleading is $10,000—the statutory minimum for a violation of Chapter 12 of the Texas Civil Practice and Remedies Code—and the allegations stating that Wells Fargo committed three statutory violations. D.E. 1-6, pp. 7-8. Those allegations only get Wells Fargo to a total of $30,000. That statute, as well as the other causes of action may provide for actual, economic, or compensatory damages, but Wells Fargo has not provided any evidence or argument regarding what those damages might be and the pleading, on its face, is not helpful in that regard. *E.g.*, Tex. Civ. Prac. & Rem. Code § 12.002(b)(1)(B); DTPA § 17.50.

Hoodye has also pled for punitive damages. Under Chapter 12 of the Civil Practice and Remedies Code, that amount is entrusted to the discretion of the court. § 12.002(b)(4). Wells Fargo has provided no basis for finding any particular amount likely in this case. Under the DTPA, Hoodye may show himself entitled to additional damages in the amount of three times his economic damages. DTPA § 17.50(b)(1). But without knowing what the economic damages might be, it is impossible to estimate the potential additional damages.

When attorney's fees are permitted by statute, they may also be included in the calculation of the amount in controversy. *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). However, as the Fifth Circuit has observed:

> Both parties have asserted a claim for fees, but there is no evidence whatsoever of the amount they have incurred. Nor has either side discussed the issue in their briefs. Irrespective of whether attorney's fees would be permitted, we cannot simply guesstimate their amount and add them to the other damages to arrive at the amount in controversy."

*Mintzer v. Lester*, 2002 WL 31415179, *3 (5th Cir. 2002).

Wells Fargo asserts that the value of Hoodye's real estate subject to its claim of a lien is to be included in the amount in controversy. This argument is premised on the assertion that "Plaintiff specifically seeks declaratory relief invalidating Wells Fargo's lien against the Property . . . ." D.E. 7, p. 2. According to the Supreme Court, in cases seeking equitable relief "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

Yet, as pled, Hoodye does not seek equitable relief in order to affect rights to the real estate upon which Wells Fargo seeks to place or enforce a lien. That matter remains within the jurisdiction of the Bankruptcy Court, which has jurisdiction over the property of Hoodye as a bankruptcy debtor and where an objection to Wells Fargo's claim remains pending. *See generally, In re Hoodye*, No. 11-20650-C-13 (Bankr. S.D. Tex.), D.E. 66, 77, 81.

More specifically, Hoodye filed the subject action to determine whether Wells Fargo violated certain state statutes or common law in connection with its creation and use of an allegedly fraudulent document filed in the public records. The Court need not construe Hoodye's pleading as a request for a declaratory judgment regarding the status of Wells Fargo's lien as Wells Fargo argues. D.E. 7, p. 7, n.1. Read in context, and construed against removal, the pleading consistently addresses whether the document filed of record was fraudulent. It does not request a declaratory judgment as to the enforceability of any lien or the resolution of the parties' competing claims to the property.

While the action may ultimately have the indirect effect of contributing to the elimination of a cloud on the title, recovery of the land is not the object of this suit and the Court is not asked to adjudicate the respective rights of the parties to the realty. The action's objective is damages and an accounting, just as the pleading is entitled, "Plaintiff's Original Petition for Damages and Accounting." D.E. 1-6. Consequently, the value of the land is not included in the amount in controversy.

The only other equitable remedy sought is an accounting. The Fifth Circuit has held that the costs of producing the requested accounting are akin to the costs of discovery incurred by the parties in every lawsuit. Such costs "are simply not relevant to whether diversity jurisdiction exists under § 1332." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 641 (5th Cir. 2003).

In sum, Hoodye's pleading and Wells Fargo's arguments do not support the conclusion that the required amount is in controversy. Hoodye alleges that he seeks "monetary relief including damages, taxable fees and expenses aggregating more than $50,000." D.E. 1-6, p. 1. Wells Fargo has failed to sustain its burden that the amount in controversy is more than $75,000 excluding interest and costs. This Court does not have diversity jurisdiction over this case.

## C. "Related To" Bankruptcy Jurisdiction

Last, Wells Fargo argues that this claim is "related to"[1] Hoodye's bankruptcy case and that 28 U.S.C. § 1334(b) confers federal jurisdiction over such cases. The argument continues that the issues in this action are "intertwined" with those in the claim objection currently pending in the Bankruptcy Court. According to Wells Fargo, to avoid a multiplicity of proceedings and in the interests of efficiency and judicial economy, this Court should adjudicate the matter.

This argument fails for two reasons. First, whether this action is adjudicated in federal court or in state court, it does not adjudicate issues pending in the Bankruptcy

---

[1] Wells Fargo does not contend that this action "arises under" or "arises in a case under" Title 11 of the United States Code. D.E. 7, p. 14.

Court—it is a separate action. While Wells Fargo has stated its intention to see that this case and the claim objection are consolidated (D.E. 7, p. 3), this effort fails to take into consideration the competing interests of justice and comity represented by 28 U.S.C. 1334(c) as well as the salutary purposes of referring bankruptcy proceedings to specialized bankruptcy judges represented by 28 U.S.C. §§ 152 and 157.

Second, and perhaps more to the point, 28 U.S.C. § 1334(c)(2) directs this Court to remand an action such as this.

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, ***the district court shall abstain from hearing such proceeding*** if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(emphasis added). As demonstrated above, this Court has determined that it does not have jurisdiction under any other provision of the United States Code. Wells Fargo has not provided evidence or argument that the case could not be timely adjudicated in state court. Therefore, this Court is subject to mandatory abstention.

**D. Conclusion**

Applying the appropriate standard of review, which includes construing any ambiguities against removal jurisdiction, the Court finds that there is no federal question jurisdiction under RESPA and that the amount in controversy requirement of diversity jurisdiction has not been met. Pursuant to 28 U.S.C. § 1334, while this Court has "related

to" jurisdiction over the claims, the claims are subject to mandatory abstention triggered by Hoodye's Motion to Remand. The Motion to Remand (D.E. 6) is GRANTED.

ORDERED this 25th day of February, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE